Patricia Jeaneth **AREVALO–CONTRERAS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–71545.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

Janice Kay Redfern, Esquire, John J.W. Inkeles, Esquire, Trial, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

**MEMORANDUM ***

Patricia Jeaneth Arevalo–Contreras, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos–Lemus v. Mukasey,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

542 F.3d 738, 742 (9th Cir.2008), and we deny the petition for review.

The record does not compel reversal of the IJ's conclusion that petitioner failed to establish that the harm she suffered at the hands of gang members in El Salvador was on account of a protected ground. *See Ramos–Lopez v. Holder,* 563 F.3d 855, 858–62 (9th Cir.2009) (concluding that resistance to gang activity is not a particular social group for the purpose of establishing nexus to a protected ground); *Molina– Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Accordingly, petitioner's asylum, withholding of removal, and CAT claims fail.

Contrary to petitioner's allegation, the BIA did not issue a streamlined decision, and the BIA's decision did not constitute a due process violation. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). In addition, petitioner requests voluntary departure for the first time in this petition for review, but this court lacks authority to provide such relief. *See* 8 U.S.C. § 1229c(a)(1); 8 C.F.R. § 1240.26.

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.